# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SPINNING GLOBAL, LLC and COLLIS MILLER-JOHNSON, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 4:23-cv-353 ) ) ) ) ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the defendants Spinning Global, LLC ("Spinning Global") and individual Collis Miller-Johnson ("Miller-Johnson") (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, and to recover compensation Defendants failed to pay their employees, plus an equal amount in liquidated damages, pursuant to Section 216(c) of the FLSA.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from December 30, 2018 through December 29, 2020 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217; 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## Defendants

3. Defendant Spinning Global is an Iowa limited liability company within this Court's jurisdiction, with an office at 6330 NW 106th St., Unit 205, Johnston, IA 50131 where it conducts business.

4. Spinning Global is a company that provides non-emergency medical transport services.

5. Defendant Miller-Johnson is an owner of Spinning Global and has actively managed and supervised Spinning Global's operations and its employees during the Investigation Period. Among other things, Miller-Johnson has hired and fired employees and set employees' pay rates.

6. Miller-Johnson has acted directly or indirectly in Spinning Global's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Polk County, Iowa, within this Court's jurisdiction.

## The FLSA Applies to Defendants' Employees

8. Defendants employ employees whom the FLSA covers individually because those employees regularly engage in interstate commerce, produce goods, or work in a closely-related process or occupation directly essential to that production. The employees' work includes, among other things, regularly using an internet-based phone app to access information on individuals requiring non-emergency medical transport ("clients"), such as the client's names, address, and pick-up time.  The employees also regularly used the internet-based phone app to access the

prescribed driving route between a client's pick-up location and the requested destination, and record information relating to the trip and their shifts.

## FLSA Violations

9. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Defendants did not ensure that employees were paid at least minimum wage for all hours worked, including all hours recorded by the employees when they input their shift start times and shift end times in the internet-based phone app. 29 U.S.C. §§ 206(a)(1), 215(a)(2)

10. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their non-exempt employees one-and-one-half times the employees' regular rates for hours worked in excess of 40 in a workweek. Defendants misclassified employees who drove their own vehicles for work as independent contractors and paid them a flat rate per mile driven with a client in the vehicle, without paying the required overtime premiums. Defendants also either paid the individuals they correctly classified as employees a straight-time rate for overtime hours worked without paying the required overtime premiums, or did not pay them for overtime hours worked at all. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. Defendants did not keep records of the hours worked by all employees. Further, Defendants did not keep accurate and/or complete records of payments made to employees. 29 U.S.C. § 211, 29 C.F.R. Part 516.

## Remedies Sought

12. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under Sections 216(c) and 217 of the FLSA. If

Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

13. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Acting Secretary does not currently know.

14. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

## **Prayer for Relief**

As a result of Defendants' FLSA repeated violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

/s/Katharine K. Sangha
KATHARINE K. SANGHA (MO #66196)
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7244 (Direct)
816-285-7287 (Fax)
Sangha.Katharine.K@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*